UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| NICOLAS WEBB, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:14-CV-95-TLS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Nicolas Webb, a pro se prisoner, was found guilty of Engaging in an Unauthorized Financial Transaction in violation B-220 by the Miami Correctional Facility Disciplinary Hearing Body (DHB) on October 3, 2013. In MCF 13-09-356, he was sanctioned with the loss of ninety (90) days earned credit time. In his habeas corpus petition, he lists four grounds for habeas corpus relief, but the first three are restatements of the same several commingled arguments.

Webb argues that it was a violation of prison rules to have denied him a written explanation for denying him requested evidence and to have given him an untimely and incomplete explanation for why he could not access the information contained in the confidential internal affairs file. He also complains that the video he requested did not exist.

First, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Second, his request that the DHB consider the 13:56 phone call was not refused—the hearing officer told him that she had that evidence. (*See* ECF No. 1-1 at 7.) Third, it was not a due process violation for the DHB to consider that phone call and the confidential internal affairs file

without allowing Webb to hear and see them because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Fourth, although *Wolff v. McDonnell*, 418 U.S. 539 (1974), guarantees inmates the right to request relevant, exculpatory evidence, it does not guarantee that the prison capture video of every event in the facility. Here, Webb requested video evidence and the DHB tried to obtain it for review, but it simply did not exist. (*See* ECF No. 5-3 at 3.) This is not a due process violation.

Webb also argues that his lay advocate was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution. However, a lay advocate is only required when the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *see also Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992); *Wilson-El v. Finnan*, 263 Fed. Appx. 503 (7th Cir. 2008). Because Webb is not illiterate and this case is not complex, he was not entitled to a lay advocate. Therefore, "because there is no right to a lay advocate, the lay advocate's performance cannot create any rights for [Webb] under the Sixth Amendment to the United States Constitution." *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997). As such, Webb's ineffective assistance claim must be dismissed. *Id.*; *see also McKinney v. Hanks*, 911 F. Supp. 359, 363 (N.D. Ind. 1995).

Finally, Webb references one other issue that needs to be addressed. Webb was charged with Engaging in an Unauthorized Financial Transaction because he received a 14-digit Greendot number that had been split into two seven digit sequences and communicated during two phone calls. He was charged and found guilty of two separate violations—one for each phone call. Webb filed this habeas corpus case challenging one of those charges and a second one

challenging the other one. *See Webb v. Superintendent*, 3:14-CV-096 (N.D. Ind. filed January 17, 2014). Webb notes that despite there having been two phone calls, this was only a single unauthorized financial transaction. He is correct. However, since the Final Reviewing Authority reconsidered the second charge and vacated it, the original double charge has no impact on this (the one remaining) proceeding.

For the foregoing reasons, this habeas corpus petition is **DENIED**.

SO ORDERED on July 23, 2014.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION